1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   SABRINA LYNN FRENCH,                    No.  2:15-cv-743-EFB

11            Plaintiff,

12       v.                                  ORDER

13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security
14
              Defendant.
15

16

17          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18   ("Commissioner") denying her application for a period of disability and Disability Insurance

19   Benefits ("DIB") under Titles II the Social Security Act.  The parties have filed cross-motions for

20   summary judgment.  For the reasons discussed below, plaintiff's motion for summary judgment is

21   granted, the Commissioner's motion is denied, and the matter is remanded for further

22   proceedings.

23   I.     BACKGROUND

24          Plaintiff filed an application for a period of disability and DIB, alleging that she had been

25   disabled since January 12, 2013.  Administrative Record ("AR") 190-199.  Plaintiff's application

26   was denied initially and upon reconsideration.  *Id.* at 123-126, 133-137.  On December 2, 2014, a

27   hearing was held before administrative law judge ("ALJ") Odell Grooms.  *Id.* at 21-99.  Plaintiff

28   was represented by counsel at the hearing, at which she and a vocational expert testified.  *Id.*

On December 24, 2014, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1]  *Id*. at 10-17.  The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since January 12, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).

   * * *

3. The claimant has the following severe impairments: lumbar/sacral facet arthropathy and lumbarized S1 (20 CFR 404.1520(c)).

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(a)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

2

* * *

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

* * *

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform  light work as defined in 20 CFR 404.1567(b) except the claimant can frequently climb ramps and/or stairs, can occasionally climb ladders, ropes and/or scaffolds, can frequently stoop, kneel, crouch and/crawl.

* * *

6.  The claimant is capable of performing past relevant work as a sales clerk and waitperson. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

* * *

7.  The claimant has not been under a disability, as defined in the Social Security Act, from January 12, 2013, through the date of this decision (20 CFR 404.1520(f)).

*Id.* at 12-17.

Plaintiff's request for Appeals Council review was denied on January 30, 2015, leaving the ALJ's decision as the final decision of the Commissioner.  *Id.* at 1-4.

## II.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

3

1   "The ALJ is responsible for determining credibility, resolving conflicts in medical

2   testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

3   2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

4   interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

5   *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

6   III.   ANALYSIS

7   Plaintiff argues that the ALJ erred by (1) failing to consider a VA disability determination

8   finding her 60 percent disabled; (2) failing to find that her ankle strain, knee strain, and carpal

9   tunnel syndrome were severe impairments at step-two; and (3) discrediting her testimony without

10  providing legally sufficient reasons.  ECF No. 12 at 15-30.

11  Plaintiff first contends that the ALJ failed to consider a VA disability determination

12  assessing her RFC.  *Id*. at 15-18.  An ALJ is required to consider a VA rating.  *McCartey v.*

13  *Massanari*, 298 F.3d 1072, 1075 (9th Cir.  2002).  "While a VA disability decision does not

14  necessarily compel the SSA to reach an identical result, the ALJ must consider the VA's finding

15  in reaching his decision, because of the similarities between the VA disability program and the

16  Social Security disability program."  *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012).

17  "However, [b]ecause the standards for evaluating disability under the two programs is not

18  identical, . . . the ALJ may give less weight to a VA disability rating if he gives persuasive,

19  specific, valid reasons for doing so that are supported by the record."  *McCartey*, 298 F.3d at

20  1075; *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

21  The VA issued a decision finding that plaintiff was 60 percent disabled as of September 7,

22  2012, due to lumbar degenerative joint and disc disease with intervertebral disc syndrome and

23  radiculopathy, bilateral knee strain with shin splints and tibial stress fractures, and bilateral

24  chronic ankle strain with stress fractures.  AR 296-299.

25  The ALJ's decision does not even reference the VA's disability determination; much less

26  provide a "persuasive, specific, valid reasons" for not according it great weight.  The

27  Commissioner concedes this point, but argues that any error in failing to address the VA's

28  disability rating was harmless because the ALJ "was clearly aware of Plaintiff's treatment at the

1   VA and provided legally valid bases for finding Plaintiff not disabled . . . ."  ECF No. 13 at 23;

2   *see Lockwood v. Comm'r Soc. Sec.*, 616 F.3d 1068, 1071 (9th Cir. 2010) ("We must uphold an

3   ALJ's decision so long as it is supported by substantial evidence and not based on legal error.

4   Further, even if the ALJ erred, we will uphold the decision so long as the error was harmless.")

5   (citation omitted).  In advancing this argument, the Commissioner cites to various portions of the

6   record that purportedly support the ALJ's RFC determination.  *Id*. at 23-24.

7          The problem with this argument is that the ALJ made no reference to the VA's disability

8   rating, let alone relied on any of the evidence cited by the Commissioner as a basis for according

9   it reduced weight.  This court's review is limited to the rationale provided by the ALJ.  *See Bray*

10  *v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles

11  of administrative law require [the court] to review the ALJ's decision based on the reasoning and

12  factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the

13  adjudicator may have been thinking."); *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d

14  735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the

15  grounds articulated by the agency.").  The ALJ's decision simply ignores the evidence and,

16  accordingly, the Commissioner's post-hoc rationalization cannot excuse the ALJ's failure to

17  explain why this evidence was rejected.

18         Furthermore, the VA determination included additional impairments that were not

19  discussed by the ALJ.  The VA determined that plaintiff was 60 percent disabled due in part to

20  bilateral knee strain with shin splints and tibial stress fractures, and bilateral chronic ankle strain

21  with stress fractures.  AR 298-299.  VA records also indicate that these impairments precluded

22  plaintiff from sitting, standing, and walking for extended periods of time/distance, limitations at

23  odds with the ALJ's RFC determination.  *Id*. at 553.  The ALJ's decision provides no explanation

24  for why the impairments to plaintiff's knees and ankles did not impact her ability to perform

25  substantial gainful activity.  Indeed, the ALJ's RFC determination focused almost exclusively on

26  medical records concerning plaintiff's back impairments, with virtually no discussion of medical

27  records concerning other impairments.

28  /////

5

1      Accordingly, the court cannot find that the ALJ's failure to address VA disability

2  determination was harmless.  The matter must therefore be remanded to the Commissioner for

3  consideration of this evidence.[2]

4  IV.    <u>CONCLUSION</u>

5      Accordingly, it is hereby ORDERED that:

6      1.  Plaintiff's motion for summary judgment is granted;

7      2.  The Commissioner's cross-motion for summary judgment is denied;

8      3.  The matter is remanded for further proceedings consistent with this order; and

9      4.  The Clerk is directed to enter judgment in the plaintiff's favor.

10  DATED:  September 22, 2016.

11

12                          EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2]  Because remand is necessary for further consideration of the evidence of record, the court declines to address plaintiff's additional arguments.

6